```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

LORI ANN HENRIQUES,            )   CIVIL NO. 23-00599 SOM/RT
                               )
          Plaintiff,           )   ORDER DISMISSING COMPLAINT;
                               )   ORDER DENYING AS MOOT
     vs.                       )   APPLICATION TO PROCEED IN
                               )   FORMA PAUPERIS
UNITED STATES GOVERNMENT,      )
FEDERAL AVIATION               )
ADMINISTRATION, et al.         )
                               )
          Defendants.          )
_____)
```

**ORDER DISMISSING COMPLAINT;
ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On December 14, 2023, Plaintiff Lori Ann Henriques filed the Complaint in this matter, asserting tortious conduct on the part of the Federal Aviation Administration ("FAA") and the Federal Communications Commission ("FCC").  *See* ECF No. 1.  She also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  *See* ECF No. 4.  Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

Henrique's Complaint appears to be brought on behalf of herself and her minor children against the FAA and FCC.  The Complaint contains almost no factual allegations with respect to

what those Defendants have done. At most, it alleges "physical abuse" and "bodily harm" arising out of "Functional Magnetic Resonance Imaging" and/or tasing. The Complaint seeks $1.5 billion in damages for that tortious conduct. *See* ECF No. 1.

**III.     STANDARD.**

To proceed *in forma pauperis*, Henriques must demonstrate that she is unable to prepay the court fees, and that she sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens her Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

**IV.     ANALYSIS.**

There are almost no factual allegations concerning the named Defendants in the Complaint, much less allegations supporting a viable claim against either Defendant. As noted in

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

While Henriques appears to be asserting negligence claims arising out the FAA's and FCC's tortious conduct, the Complaint's allegations are so limited and unclear that they do not indicate why any Defendant should be liable. For that reason, Henriques cannot be said to have asserted any viable claim and her Complaint is dismissed. Henriques's IFP Application is denied as moot.

**V.      CONCLUSION.**

Henriques's Complaint is dismissed, and the IFP Application is denied as moot.  **The court grants Henriques leave to file an Amended Complaint that states a viable claim no later than January 20, 2024.**  Henriques may submit another IFP Application at that time.  Failure to file an Amended Complaint by January 20, 2024, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Henriques if she decides to file an Amended Complaint.  First, if Henriques uses a court form, she may, of course, submit additional pages.  Such forms are available at https://www.hid.uscourts.gov/court-forms/civil.  The Clerk of Court is directed to send Henriques Forms Pro Se 1 and AO 240, but the court notes that Henriques is not required to use court forms.

Second, Henriques should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant.  In other words, Henriques should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.  In other words, if

4

Henriques seeks to hold a Defendant liable, the Amended Complaint should explain why that Defendant is so liable.

Third, before filing an Amended Complaint, Henriques should consider whether she has complied with the requirements of the Federal Torts Claims Act, which is "the exclusive remedy for tortious conduct by the United States" or federal agencies. *See F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The Federal Torts Claims Act requires plaintiffs to exhaust administrative remedies before filing suit against the United States. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); 28 U.S.C. § 2675(a). While compliance with that Act is not the basis of the present order, this court refers Henriques to that Act so that she may consider it in determining what she does.

Finally, although Henriques purports to bring claims on behalf of her children, she does not appear to be an attorney who may represent others in this matter. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to

appear as an attorney for others than himself." (citation omitted)).

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, December 22, 2023.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       United States District Judge

*Henriques v. United States of America, et al.*, Civ. No. 23-00599 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS